IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:10-524-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Marcus Dewayne Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion "Requesting Disclosure of Grand Jury Transcripts Pursuant to . . . Rule 6(e)(3)(E)(ii)." (ECF No. 118). Defendant seeks production of transcripts of testimony before the grand jury to "show[ ] the court that [the] government's prosecutor present[ed] immunized statements before the grand jury to secure an indictment on Count One." *Id*. at 3.

In certain situations, disclosure of grand jury minutes and transcripts is appropriate where justice demands. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1978). These situations have been codified at Fed.R.Crim.P. 6(e)(3)(C) which provides for disclosure:

> (i) preliminarily to or in connection with a judicial proceeding; [or]

> (ii) at the request of the defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . .

F.R.Crim.P. 6(e)(3)(E). Accordingly, upon a showing of "particularized need" the court may grant disclosure of matters involving grand jury proceedings. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681-82 (1958).

Defendant entered into a plea agreement with the Government and, after a thorough Rule 11 hearing, was adjudged guilty. Because Defendant made a reliable admission of factual guilt which

1

was affirmed on appeal,[1] any claim regarding an alleged violation of his Fifth Amendment right against self incrimination will necessarily fail. That is, because Defendant admitted he committed the crime charged in Count 1 of the Indictment, he cannot show prejudice from any alleged error in grand jury proceedings relating to Count 1.[2]

Therefore, as Defendant will be unable to establish prejudice relating to the first ground for relief contained in his motion for relief under 28 U.S.C. § 2255, Defendant cannot establish a particularized need for production of the transcript.  Accordingly, Defendant's motion is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 9, 2013

---

[1]*See United States v. Jones*, 466 F. App'x 180 (4th Cir. 2012).

[2]As noted by the Government in its Memorandum in Support of Summary Judgment, the Government has a variety of other information which was presented to the Grand Jury relating to Count 1.  *See* Mem. Supp. at 8-9 (ECF No. 112-1).

2