IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:10-524 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Marcus Dewayne Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's Response in Opposition. ECF No. 137. Defendant contends that he should be entitled to relief under Criminal Rule 35(b) because "the court never in no way gave the [Defendant] any credit for the [Defendant's] cooperation." Resp. in Opp. at 1. The court has construed this response as a Motion for Reconsideration.

On December 1, 2014, Defendant filed a motion to compel the Government to file a motion for relief under Criminal Rule 35(b). *See* ECF No. 131. On December 16, 2014, the Government responded in opposition, arguing that at sentencing, the court "granted Defendant's motion for a variant sentence based upon his alleged cooperation prior to sentencing." Gov't Resp. in Opp at 2, ECF No. 134. On December 29, 2014, the court denied Defendant's motion based upon his failure to provide evidence of a breach of the plea agreement by the Government, or make a "substantial threshold showing" of an unconstitutional motive or that the Government's failure to file a Rule 35 motion was not rationally related to a legitimate government goal. *Wade v. United States*, 504 U.S. 181, 186 (1992). Defendant's Response in Opposition was filed after that Order was entered.

Under Rule 35(b), the decision to move for reduction of sentence is solely in the discretion of the Government. The district court is without authority to compel such a motion unless Defendant can show that his cooperation is complete, and that the Government breached the plea

1

agreement or that the Government's failure to file resulted from an unconstitutional motive or was not rationally related to a legitimate government goal. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Butler,* 272 F.3d 683, 686 (4th Cir. 2001). Defendant must make a "substantial threshold showing," *Wade*, 504 U.S. at 186, of either of these elements which should constitute more than a recitation of the assistance provided.

Defendant contends he was not given credit for assistance he provided the Government prior to sentencing; the Government maintains this court "granted Defendant's motion for a varient sentence based on his alleged cooperation prior to sentencing." Gov't Resp. in Opp. at 2. Both of these contentions are incorrect. The court denied Defendant's motion for a variance based upon cooperation provided prior to sentencing but considered Defendant's cooperation in selecting a sentence at the low end of the guideline range, noting "[t]he court has taken into account in determining that minimum guideline range of 324 months the defendant's cooperation, which he did provide information that the government was able to use in this case." Sentencing Tr. at 114, ECF No. 86. No further variance was granted because Defendant had already avoided a mandatory life sentence, the crack/powder disparity had been removed, and Defendant had been found to be in breach of the plea agreement at sentencing by failing a polygraph examination.

Defendant has not made a "substantial threshold showing" relating to either element noted above. Therefore, Defendant's response in opposition, construed as a motion for reconsideration, is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 15, 2015