IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 3:10-524 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Marcus Dewayne Jones, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for reconsideration. ECF No. 150. Defendant seeks reconsideration of this court's denial of his recent motion to compel. Defendant indicates he was "verbally promised" at his plea hearing that he would receive a "sentence reduction . . . ." Mot. at 5.

Defendant appeared with counsel at a pretrial conference on October 6, 2010. A suppression hearing was pending, but Defendant had been offered a plea agreement. Prior to signing the plea agreement or being placed under oath, the court clarified with Defendant and counsel the plea agreement being offered to Defendant:

> Court: And so as I understand it, the plea agreement that has been offered to you basically gives you the benefit of the bargain in the sense that it gives you a plea to a penalty provision that would be the same penalty provision if you were convicted on the substantive charges. Am I right, Mr. Leventis?
>
> Prosecutor: Yes, Your Honor.
>
> Court: So you are getting a plea to a penalty provision that would give you the same benefit that you would have if you went forward on your motion and won. So, I don't see anything terrible about that.
>
> Defendant: Thank you for making that clear to me now. I have more of an understanding of that. That's pretty clear.
>
> Court: Do you still want to go forward and enter a plea?

1

>Defendant: Yes, ma'am.
>Court: Do you agree that this is your judgment, that you want to do this?
>
>Defendant: Yes.

Tr. of Change of Plea Hrg. at 4-5, ECF No. 93.

>Court, counsel, and the Defendant then engaged in the following exchange:
>
>Court: If he does the plea and cooperates and that does amount to substantial assistance, then he can get a downward departure motion filed, which would be to his benefit, and try to get him below that 262 months –
>
>Defense Counsel: Yes, ma'am.
>
>Court: -- guideline range. So, I guess the question is, do you want to cooperate and try to earn that, or do you want to go to trial and just argue that the guideline range is too high?
>
>Defendant: May I speak? Your Honor, I started cooperating even before I even signed a plea, so it was my intentions to cooperate. I don't want to stop. I don't want to go to trial either. But like I said, now that it is more clear to me and more things are said than was said to me before about a downward departure and maybe this and maybe that, maybe this is the better decision for me.
>
>But I was just a little cloudy in judgment and I felt like I was up against the wall and had no choice. But now that things are a lot more clearly and more stated, I believe this is a better plea. Like I said, I started cooperating even before I signed a plea.
>
>Court: Okay. What is your evaluation, Mr. Leventis, of his chances for actually earning a downward departure motion?
>
>Prosecutor: Well, we started on Monday and he provided what seemed to be helpful information. I didn't bring up before, for the benefit of Mr. Jones, but he brought up in discussion, one of those things was, we were able to locate two firearms that we would then like to ask him about -- where he got them, who he got them from, and that sort of thing. So that's another possibility, in addition to the drug folks he told us about. But I thought we had gotten kind of past where we are today on Monday, and the only thing that makes me nervous is -- and you have explained this and we talked on Monday that it's got to be full and complete truth. It's not putting your toe in and seeing kind of "What I can get away with?" It's got to be all the truth and all of it, and then we can evaluate where we go from there.
>
>But I guess the short answer to your question is, he has provided us some additional

2

> names of people and there are these two guns we were able to recover. So there's a possibility, but a lot of it depends on what Mr. Jones wants to do.
>
> Court: Is your plea agreement one that has a provision for polygraph?
>
> Prosecutor: Yes, Your Honor.
>
> Court: Are you planning to polygraph him?
>
> Prosecutor: If we need to.
>
> Court: So you would go forward with further debriefings -- he's not finished being debriefed; is that right?
>
> Prosecutor: Correct -- oh, and he signed a plea, Your Honor –
>
> Court: Right, that's what I mean. If he goes through with the plea today your plan would be to finish debriefing him?
>
> Prosecutor: Yes, we've got one scheduled for next Thursday.
>
> Court: All right. I think you know all the facts now Mr. Jones. You want to go forward with your plea?
>
> Defendant: Yes, ma'am.
>
> Court: Okay. All right. Then you can go ahead and sign that plea agreement.

*Id.* at 11-13.

After being sworn for a Rule 11 hearing, the court reviewed Defendant's plea agreement.

The court then explained:

> Now, I want to go over with you the cooperation section of this because that's probably the most important to you at this point in time. You have agreed to be fully truthful. This means fully truthful. This does not mean, "I only tell them what they ask." This means, "I tell them everything whether they ask me or not." And you have agreed to testify if you are called upon to do so.
>
> They have the right to require that you take a polygraph examination where they can test your truthfulness. They get to pick the examiner, they get to pick the questions. And if you fail to complete it to their satisfaction, then they can declare their obligations under this agreement null and void, and that could result in a breach of

3

> this plea agreement for you. Do you understand that?
>
> A. Yes, ma'am.
>
> Q. Now they have agreed that things that you tell them under this agreement will not be used against you for calculation of your sentence purposes, or for any other purpose, unless it's stuff they already knew before the date of this agreement, or unless it relates to your prior convictions and sentences, or if you are to be prosecuted for perjury if you lie, or making a false statement, or if you breach the terms of the plea agreement. Do you understand that?
>
> A. Yes, ma'am.

*Id.* at 19-20.

Language is included in the written plea agreement which obligated Defendant to cooperate with the Government, including participating in and passing to the Government's satisfaction a polygraph examination. *See* Plea Agreement at 4-6, ECF No. 52. However, there is no written provision included in the plea agreement regarding any requirement that the Government – if Defendant provided assistance deemed substantial by the Government – would then file a motion for relief under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e) or Rule 35(b). It appears the initial discussion about the potential for Defendant to earn a motion for downward departure, which occurred before Defendant signed the plea agreement and before the court placed Defendant under oath and reviewed the plea agreement with Defendant, was made on the assumption that the plea agreement contained this language.

Even assuming, for purposes of this motion only, that the pre-plea discussion resulted in a "verbal agreement" by the parties to the Government filing a motion for relief under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e) or Rule 35(b) based upon information Defendant already had provided to the Government, or even if the plea agreement had contained written language regarding an obligation by the Government to file such a motion, either would have been contingent upon

4

Defendant's compliance with the terms of the plea agreement. In failing the polygraph examination, Defendant's actions voided any obligation of the Government to file a motion for relief under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e) or Rule 35(b), whether it be based on an oral "promise" or if it had been included in the written plea agreement.

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
May 6, 2015